IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 62,282-01






EX PARTE CHARLES RAY GREEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 007-1026-03-A IN THE 7th JUDICIAL DISTRICT COURT 

SMITH COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of burglary of a habitation, and punishment was assessed at thirty-five years
confinement. Applicant's conviction was affirmed on appeal. Green v. State No. 12-04-00101-CR (Tex. App. --Tyler, delivered May 28, 2004, no pet.).

 Applicant contends, inter alia, that he was deprived of his meaningful right to a direct
appeal because of the ineffective assistance of his counsel. Specifically, Applicant contends
that, after he requested an appeal be filed, counsel referred to him with a racial epithet, and
then failed to timely file notice of appeal.

 The trial court has entered findings of fact and conclusions of law recommending that
relief be denied. However, the trial court's recommendation is not sufficiently supported by
the record. The record contains an affidavit from trial counsel which specifically refutes
Applicant's claim regarding the use of a racial epithet, but it does not address the issue of
whether Applicant timely requested counsel to file notice of appeal. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order a supplemental
affidavit from trial counsel, or hold a live hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was deprived of his meaningful right to a direct appeal because of
the ineffective assistance of his counsel. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 20th DAY OF SEPTEMBER, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.